THOMAS M. KING *et al.*, Respondents, *v.* LEON ˙BARNES *et al.*, Appellants.

*Court of Appeals, October* 25, 1887.

See 4 N. Y. St. Rep. 893.

1. *Appeal. Interlocutory judgment.*—A judgment, which finally determines certain matters in controversy between the parties but appoints a referee and directs an accounting before him, is an interlocutory judgment, from which no appeal lies to the court of appeals.

2. *Same. Discretionary order.*—The general term has power, in its discretion, to grant, on appeal from an order refusing it, an amendment to a complaint, which does not substantially change the plaintiff's claim, and its order allowing the amendment is not appealable to the court of appeals.

3. *Same. Order granting stay.*—An order reversing an order granting a stay of proceedings pending an appeal to the court of appeals, is in the discretion of the general term, and is not reviewable by the former court.

Appeals and special motions to dismiss the same were argued and disposed of together.

The facts, so far as are necessary to prevent the appeals, sufficiently appear in the opinion.

*John H. Post*, for appellants.

31

*Noah Davis*, of counsel; *W. W. McFarland* for respondents.

EARL, J.—*First.* The judgment of the special term entered on the 2d day of August, 1886, was an interlocutory judgment. It finally determined certain matters in controversy between the parties, but it ordered an accounting between them and appointed a referee for that purpose; and final judgment could not be entered until the accounting was had and report made. From that judgment the defendant Barnes appealed to the general term, and he also served notice of a motion at the general term under section 1001 of the Code for a new trial upon the exceptions. The motion and the appeal came on to be heard at the general term at the same time, and the motion was denied and the judgment was modified. But the modification of the judgment in no way affected its character as an interlocutory judgment. The accounting between the parties was still to be had, and its scope was enlarged and all questions as to costs and expenses of the reference, as to the distribution by the referee of money which should come into his hands under the judgment, and as to the satisfaction of a certain mortgage for $250,000, were reserved, and thus there was to be further judicial action. From the last named judgment Barnes and certain of the other defendants appealed to this court from the order of the general term which denied his motion for a new trial. The plaintiffs now move to dismiss the appeal to this court from the interlocutory judgment as not authorized. The contention of the appellants is that it is final and not interlocutory. As we have come to the conclusion that it is interlocutory, the appeal therefrom to this court is not authorized by the Code, and it must be dismissed, with costs.

*Second.* At the trial the plaintiffs made a motion to amend their complaint by inserting therein certain additional allegations. The motion was denied and a formal order denying it was entered. From that order the plaintiffs appealed to the general term and it reversed the order and allowed the

amendment. The amendment did not substantially change the claim of the plaintiffs, and it was therefore within the discretion of the court to grant it under section 723 of the Code. From the order of the general term certain of the defendants appealed to this court. A motion is now made to dismiss the appeal. As the general term had power, in its discretion, to grant the amendment, its order is not appealable to this court and the appeal must be dismissed, with costs.

*Third.* The judgment of the general term ordered that certain shares of the capital stock of the New York Transit and Terminal company should be delivered by one of the defendants in whose possession it was as a mere depositary to the referee appointed by the judgment, to. be disposed of by him as directed in the judgment.

Upon the appeal of the defendants from the judgment of the general term to this court they gave the security requisite to perfect the appeal under section 1326 of the Code. They then made a motion that the depositary or custodian of the stock should, in pursuance of the judgment, be required to deliver the stock to the referee, and that motion was granted and the stock was so delivered. Certain of the defendants then made a motion that the plaintiff's proceedings upon the judgment be stayed until the hearing and decision of their appeal to this court, which was granted.

From that order the plaintiffs appealed to the general term, and there the order was reversed. From the order of reversal the defendants appealed to this court. They claim that the proceedings were stayed under section 1328 of the Code, which provides as follows : " If the appeal is taken from a judgment or order directing the assignment or delivery of a document, or of personal property, it does not stay the execution of the judgment or order until the thing directed to be assigned or delivered is brought into the court below, or placed in the custody of an officer or receiver designated by

the court, or the appellant gives a written undertaking, as prescribed in the next section."

It is not needful now for us to determine whether the proceedings are, as claimed by the appellants, stayed under this section; for if they are the appellants are yet not entitled as matter of right from the court to an order staying the proceedings. Whether the court below would grant such an order rested in its discretion, and that discretion is not reviewable here. If the appellants claim that they have an absolute statutory stay they may move to set aside or vacate any proceedings taken in violation of the stay or treat such proceedings as void, and thus their right to a stay and the construction and effect of the section quoted can be brought before the courts for construction and determination. The appeal should, therefore, be dismissed with costs.

*Fourth.* The defendants moved here to amend the return upon the appeal from the order of the general term which allowed the amendment of the complaint by inserting the complaint in the return. As we have concluded to dismiss that appeal the motion is unnecessary and must be denied.

*Fifth.* After the entry of the general term interlocutory judgment, the accounting therein ordered was had before the referee and his report was made and final judgment thereon entered, and the defendants also appealed to this court from that final judgment, and in their notice of appeal, they gave notice that they would also bring the interlocutory judgment up for review. They now move to have the appeal from the interlocutory judgment and the final judgment consolidated and heard together. As we have concluded to dismiss the appeal from the interlocutory judgment this motion must be denied.

*Sixth.* The defendants made a motion for a further stay of plaintiff's proceedings until a hearing and decision of the appeals and motions which we have above disposed of. The

disposition made of those appeals and motions requires us to deny the motion for a stay.

Unless something in the numerous papers submitted to us has escaped our attention, we have now considered and disposed of all the motions pending in this case before us, and orders may be entered carrying into effect our conclusions. The result of these motions cannot much embarrass or prejudice any legitimate interests of the defendants, as the appeals from the final judgment and from the denial of the new trial will bring to this court for review every question which is reviewable here.